SCHOTT, Chief Judge.
This is a claim by plaintiff, Eastman Kodak, on a lease of a copy machine. The issue is whether the defendants, Latter & Blum, Inc. and Latter & Blum, Ltd., in an agreement with plaintiff’s lessee, assumed the lease obligations to plaintiff. From a judgment dismissing the suit plaintiff has appealed.
In September, 1983, Latter & Blum leased the copy machine from plaintiff for three years. On April 1, 1985, the parties executed a second three year lease on the machine which superceded the first lease. On September 15, 1986, Robert Merrick, Inc. purchased certain divisions of Latter & Blum along with the name of the company, and the original company changed its name to Oxford Management. Defendants are the new company. Under the terms of this agreement, defendants temporarily retained possession of the original company’s office space on the sixteenth floor of 1615 Poydras Street where the copy machine was located and Oxford retained the seventeenth floor. On March 3, 1987, defendants vacated this office space and aban *1005 doned the copy machine. On June 1, 1987, plaintiff repossessed the machine.
Plaintiff filed the present suit against defendants and Oxford seeking accrued rentals, termination charges, and attorneys’ fees. Plaintiff and Oxford made a settlement before trial and plaintiff proceeded against defendants. In dismissing the suit, the trial judge found that in the agreement between defendants and Oxford (formerly Latter & Blum), defendants did not assume Oxford’s obligations under the copy machine lease and plaintiff could not introduce parol evidence to vary the terms of the defendants-Oxford agreement or assert error in this agreement.
The September 15, 1986 agreement between defendants (then Merrick) and Oxford (formerly Latter & Blum) contained the following:
1.1 Sale and Purchase of Assets ... L & B shall sell ... and Merrick shall purchase and acquire ... all of the assets used in the Purchased Divisions, including ... other assets listed and described below....
******
1.1.3 Contractual Rights ... All right and interest of L & B in and to the contracts, agreements, and leases ... relating to the Purchased Divisions and in effect on the Closing Date, including without limitation such of the foregoing as are listed or described on Exhibit C....
Exhibit C includes the following:
ITEM PERIOD COVERED VENDOR AMOUNT Copier 9/15/83-9/14/86 Kodak $1,470.00
Plaintiff contends that by the quoted language of the agreement defendants assumed all of the obligations in favor of plaintiff under the superceding lease agreement of April 1, 1985.
LSA-C.C. art. 1821 is the controlling law on assumption by agreement between an obligor and a third person. It provides:
An obligor and a third person may agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made in writing.
The agreement does not contain an agreement by defendants (Merrick) to assume the lease obligations in favor of plaintiff. The quoted language above cannot be interpreted as an assumption, and plaintiff’s argument that it can be is without merit. Nor can the language be interpreted as a stipulation for the benefit of a third person under C.C. art. 1978. The language is no more than a transfer of the machine to defendants, but nowhere in the agreement is there an assumption by defendants of the lease obligations.
Next, plaintiff would reform the contract between defendants and Oxford to show their “true intent” and “to correct [their] mistakes or errors.” The only parties who can reform the contract for these purposes are those who entered into it. One who was not a party is not in a position to assert the “true intent” of the contracting parties or that they made a mistake or error in drafting their contract. Reformation of a contract is a remedy available to the contracting parties or their successors who stand in their shoes. It is not available to plaintiff under the circumstances of this case. Harris v. Baird, 546 So.2d 497 (La.App. 4th Cir.1989), cited by plaintiff, does not support its position since it allowed reformation of a contract in a suit between the original parties thereto.
Finally, plaintiff contends that defendant’s use of the machine until they vacated the premises demonstrated their intention to assume the lease obligations or, at least, would make them liable in quantum meruit for the use of the machine. In the absence of a written agreement by defendants to assume the lease *1006 obligations, plaintiff may not enforce the lease agreement against defendants. C.C. art. 1821. As to quantum meruit, plaintiff has a perfectly valid claim against its lessee, Oxford. If defendants have in some way profited at the expense of anyone it was Oxford’s, not plaintiff’s. If a lessee of a machine allows a third party to use the machine, the lessee remains obliged to the lessor, not the third party.
The record shows that defendants and Oxford understood that defendants would temporarily stay on the sixteenth floor and would continue to use the copy machine and that they would settle up with Oxford over the copy machine charges along with a number of other expenses which would be temporarily shared and eventually sorted out between them. Consequently, there are no equitable claims in favor of plaintiff against defendants arising out of this arrangement between defendants and Oxford and plaintiff is in no position to assert against defendants those obligations owed to it by Oxford and never assumed by defendants in writing.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.